**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH BRAGG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:25-cv-00813-CB |
| | ) | |
| v. | ) | |
| | ) | Chief Judge Cathy Bissoon |
| EAT N PARK HOSPITALITY GROUP, INC., | ) | |
| d/b/a THE PORCH AT SCHENLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

For the reasons that follow, the Court will GRANT IN PART and DENY IN PART

Defendant's MOTION (Doc. 11) to Dismiss Plaintiff's Amended Complaint (Doc. 10).

**I.      MEMORANDUM**

**A. Background**

Plaintiff, who "openly identifie[s] with the LGBTQ+ community," alleges that he worked

for Defendant[1] as a server or expediter for approximately three years without any disciplinary

warnings, beginning on or about August 20, 2021.  Am. Compl. (Doc. 10) at ¶¶ 9, 16, 31–32, 36,

43, 48.  He alleges that "[t]hroughout his employment," his manager Shawn Dobrich ("Mr.

Dobrich"), who "was aware of" his sexuality, made comments to Plaintiff that he did not make to

straight employees, including: calling him a "little whore;" calling him "dirty" because he had

less money; stating that his outfits were ugly; and making fun of his shoulder bag because it was

not Louis Vuitton or Gucci.  Id. at ¶¶ 12–14.c, 14.e.  Plaintiff represents that he "routinely asked

---

[1] Defendant identifies its proper name as "Eat'n Park Hospitality Group, Inc." and avers in a footnote that it did not employ Plaintiff, who was instead employed by ENPHG Restaurant Brands, LLC.  See Def.'s Mot. to Dismiss (Doc. 11) at 1 n.1.  Defendant has not asked the Court to dismiss Plaintiff's Amended Complaint on this ground.

his General Manager to cease talking to him in that manner." Id. at ¶ 15.  Mr. Dobrich also reportedly told a fellow manager "I hope that whore is getting fucked" when Plaintiff did not immediately answer the phone.  Id. at ¶ 14.d.  When Plaintiff contracted COVID-19 and had to stay home from October 29 through November 3, 2024, Mr. Dobrich at first did not believe him and then reportedly asked a fellow manager "how's the faggot doing?"  Id. at ¶¶ 16–23, 31. When Plaintiff returned to work on November 4, Mr. Dobrich told Plaintiff he could either accept a new schedule that would result in $1,500 to $2,000 in lost income per month to him, or be taken off the schedule.  See id. at ¶¶ 32–36.  Plaintiff elected to be taken off the schedule.  Id. at ¶ 36.

Plaintiff alleges discrimination and retaliation based on sexual orientation under Title VII of the Civil Rights Act of 1964 ("Title VII").[2]  See Compl. (Doc. 1) at ¶¶ 1, 48–64; Doc. 10 at ¶¶ 1, 40–62.  Defendant has moved to dismiss.

**B.  Count I – Discrimination under Title VII**

Defendant argues that Plaintiff fails to allege sufficient facts to support either a theory of constructive discharge or disparate treatment discrimination.  See Def.'s Br. in Supp. (Doc. 12) at 5–9.  Defendant points out that Plaintiff fails to specify: his sexual orientation; who the referenced straight employees were and how they were similarly situated; when or how often Mr. Dobrich made the alleged comments; how the comments were connected to Plaintiff's sexual orientation; when Plaintiff learned of the comments Mr. Dobrich made to his fellow manager; that Plaintiff ever reported Mr. Dobrich's comments to a different manager or to human

---

[2] Plaintiff filed an Amended Complaint on August 19, 2025, removing his claims under the Pennsylvania Human Relations Act ("PHRA").  See Doc. 1 at ¶¶ 65–75; Doc. 10 at ¶¶ 40–62.

resources; how the decision to change Plaintiff's schedule was related to his sexual orientation; or that his employment with Defendant in fact ended. See id. at 6–9.

First, Plaintiff has adequately pled that as a person who "openly identifie[s] with the LGBTQ+ community," he is a member of a protected class. Doc. 10 at ¶ 48. Contrary to Defendant's suggestion, whether Plaintiff identifies as gay, bisexual, pansexual, polysexual, omnisexual, queer or otherwise does not defeat the allegation that Plaintiff suffered discriminated because he is not straight, which necessarily constitutes sex discrimination, as prohibited by Title VII. See Bostock v. Clayton Cnty., 590 U.S. 644, 660 (2020) ("[I]t is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex.").

Second, to the extent that Defendant suggests that Plaintiff has not alleged an adverse employment action, this too is misplaced. Defendant alleges that he suffered a monetary loss due to Defendant's discriminatory animus. See Doc. 10 at ¶¶ 33–36. Plaintiff also alleges that he suffered a constructive discharge at the hands of the Defendant. See id. at ¶¶ 33–36, 39. These alleged adverse employment actions were suffered against the backdrop of alleged discriminatory comments that were not made to straight employees. See id. at ¶¶ 13–14e, 31. Whether Plaintiff ultimately can meet his burden of demonstrating these claims properly turns on the revelations of the discovery process. As it stands, issues of fact preclude dismissal of Plaintiff's discrimination claim.

Accordingly, Defendant's Motion to Dismiss Count I is denied.

### C. Count II – Retaliation under Title VII

Defendant also contends that Plaintiff's claim for retaliation should be dismissed for failure to exhaust administrative remedies. See Doc. 12 at 9–10. The Court agrees.

As Defendant correctly points out, Plaintiff's charge with the Equal Employment Opportunity Commission ("EEOC")—although it alleges both "[d]iscrimination" and "[r]etaliation due to [s]exuality" in a header—contains no facts regarding any protected activity that could support a claim of retaliation under Title VII.  Pl.'s EEOC Charge (Doc. 10-1) at 2; see Doc. 12 at 9.  The critical inquiry in determining exhaustion is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."  Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984)).  As the Third Circuit explains, the EEOC and defendant must have been "put on notice" of the plaintiff's claim.  Id. at 1296.  "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court."  Id.

Here, Plaintiff cannot reasonably argue that he put Defendant on notice of his retaliation claim by simply using the word "retaliation" in his charge without more.  Plaintiff alleges no protected activity.  Plaintiff alleges no causal connection between such activity and any adverse employment consequence.  Plaintiff has asserted no facts whatsoever sufficient to allow Defendant to respond in any meaningful way to a retaliation claim.  See, e.g., Rogers v. UPMC Altoona, No. 3:22-cv-174, 2025 WL 1195519, at *4 (W.D. Pa. Apr. 8, 2025) (slip copy) (finding no exhaustion where the plaintiff included allegations of gender discrimination and equal pay violations in her EEOC charge but no allegations or facts regarding retaliation); Miller v. City Mission, No. 2:23-cv-834, 2023 WL 9002732, at *3 (W.D. Pa. Dec. 28, 2023) (unreported) (finding no exhaustion where the plaintiff included allegations regarding sex and disability discrimination in her EEOC charge but no allegations or facts regarding race discrimination); Barzanty v. Verizon PA, Inc., 361 Fed. App'x 411, 414–15 (3d Cir. 2010) (unpublished) (finding

4

no exhaustion where the plaintiff included a hostile work environment allegation in her EEOC Intake Questionnaire, which was never shared with the defendant, but no allegations or facts regarding this claim in her EEOC charge, which was).  Simply put, Plaintiff has failed to exhaust his administrative remedies regarding his retaliation claim, and Defendant's Motion to Dismiss Count II is granted.  Additionally, because any retaliation charge brought before the EEOC at this juncture would fall well outside the 300-day deadline for the filing of such a charge, see 42 U.S.C. § 2000e-5(e)(1); Doc. 10 at ¶¶ 22, 32–36, amendment of the Complaint would be futile. As such, this Count will be dismissed with prejudice.

## II.    ORDER

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's MOTION (Doc. 11) to Dismiss Plaintiff's Amended Complaint (Doc. 10).  The Court declines to dismiss Count I, Plaintiff's claim for discrimination under Title VII of the Civil Rights Act of 1964.  However, the Court hereby DISMISSES WITH PREJUDICE Count II, Plaintiff's claim for retaliation under the same act.

IT IS SO ORDERED.


May 11, 2026                                    s/Cathy Bissoon
                                               Cathy Bissoon
                                               Chief United States District Judge


cc: (via ECF notification):
all counsel of record

5